# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Edward Fountain

**DEFENDANTS**
Scott Schweizer, City of Phila

**(b)** County of Residence of First Listed Plaintiff: Phila
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Phila
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David Winsley, Cornish, Esq.
Cornerstone Legal Group
230 South Broad St, 17th Floor
Philadelphia, PA 19102

Attorneys *(If Known)*
City Law Dept

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [x] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983
Brief description of cause:
Deprivation Civil Rights Via Color of Law

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 10/7/20
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Edward Fountain : CIVIL ACTION
v. :
Scott Schweizer, et al. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (✓)

_____10/7/20_____   __David Wesley Cornish__   __Plaintiff__
Date                   Attorney-at-law             Attorney for

__212-444-2039__   __212-535-7365__   __dwrsley24@gmail.com__
Telephone          FAX Number          E-Mail Address

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 240 East Albanus Street Phila, PA 19120

Address of Defendant: 1515 Arch St, 14th Floor Phila, PA 19107

Place of Accident, Incident or Transaction: 10/8/18 in Philadelphia, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/7/20    _____ (signature)   310865
                 Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a ✓ in one category only)

A. **Federal Question Cases:**
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. [✓] Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases (*Please specify*): _____

B. **Diversity Jurisdiction Cases:**
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury (*Please specify*): _____
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases (*Please specify*): _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, David Wooley Cornish, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 10/7/20    _____ (signature)   310865
                 Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2012)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __240 East Albanus Street Phila, PA 19120__

Address of Defendant: __1515 Arch St, 14th Floor Phila PA 19107__

Place of Accident, Incident or Transaction: __10/8/18 in Philadelphia, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __10/7/20__     _[signature]_     __310865__
                     Attorney-at-Law / Pro Se Plaintiff     Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

B. **Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __David Wesley Cornish__, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __10/7/20__     _[signature]_     __310865__
                     Attorney-at-Law / Pro Se Plaintiff     Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES EASTERN DICTRICT COURT
FOR THE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Edward Fountain,** | : | **United States District Court** |
| **Plaintiff,** | : | **Eastern District of Pennsylvania** |
| vs. | : | |
| | : | |
| **Scott Schweizer, City of Philadelphia,** | : | **Civil Division – Civil Rights** |
| **John/Jane Doe Police Officers 1-15,** | : | **Case No.:** _____ |
| **Defendants.** | : | |

## COMPLAINT

1. Plaintiff Edward Fountain ("Fountain") via counsel, David Wesley Cornish, Esquire, Complains and states he was injured as follows, and via 42 U.S.C. §§1983, 1985, and 1988, of the civil rights laws passed by Congress, provides the appropriate remedy to persons who have been deprived of their federal constitutional statutory rights under the color of state law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and the Civil Rights Act of 1871, 42 U.S.C. §§1983, 1985, and 1988.

3. This Court has supplemental jurisdiction for the state law claims, pursuant to 28 U.S.C. §1367.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) in that Defendants work and reside in this district and virtually all the acts described in this Complaint occurred in this district.

## PLAINITFF

5. Plaintiff is **Edward Fountain**, an individual and resident of the United States of America, and resident of the Commonwealth of Pennsylvania.

## DEFENDANTS

6. Defendant is Officer **Scott Schweizer**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania.

7. Defendant is **City of Philadelphia**, a municipality organized pursuant to the laws of the Commonwealth of Pennsylvania.

8. Defendant is **John/Jane Doe Officers 1-15**, police officer(s) for the Philadelphia Police Department, who live(s) and reside(s) in the Commonwealth of Pennsylvania.

## FACTUAL BACKGROUND

9. At all relevant times the Defendants acted under the color of law as the municipality of Philadelphia, supervised these municipally employed police officers, while on duty.

10. Plaintiff on October 8, 2018 was arrested by Philadelphia Police Officers, including Defendant Schweizer in relation to a narcotics investigation within the City of Philadelphia.

11. The Plaintiff was arrested and charged with purchase/receipt of narcotics and simple possession.

12. On February 11, 2019, all charges against the Plaintiff were dismissed in Philadelphia Municipal Court.

13. Plaintiff contends the Defendants lacked probable cause to arrest, detain, and prosecute him as he was not participating in any criminal activity, and had not sold, possessed, nor purchased drugs.

14. Plaintiff was incarcerated from the date of his arrest until his case was dismissed on February 11, 2019.

15. Defendant Schweizer himself or at his order had other law enforcement agents physically restrain the Plaintiff with both physical force, handcuffs, locked rooms (jail cells), and other incapacitant devices, in addition to a verbal use of force, to prevent free movement.

16. Defendant himself or at his order had the Plaintiff from the scene for further processing at the Police Department after searching, seizing, detaining, and arresting him.

17. After arresting Plaintiff, Defendant and other law enforcement agents at his direction, completed police paperwork and attested probable cause existed to believe Plaintiff committed a criminal act and both should be criminally charged for violating the law.

18. Defendant and other law enforcement agents at his direction, completed police paperwork regarding this incident and forwarded it to the Philadelphia District Attorney's Office for prosecuting the Plaintiff.

19. Based on the claims made by Defendants, including his observations which were the entire basis for the police paperwork generated, Plaintiff was charged in **MC-51-CR-25869-2018**.

20. Plaintiff was arrested, searched, seized, detained, and prosecuted based upon alleged observations by Defendants.

21. Plaintiff at no time during this investigation, was participating in criminal activity, nor did he exchange any money or narcotics with any persons.

## PLAINTIFF'S INJURIES

22. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

23. Due to the Defendants actions Plaintiff suffered the following injuries:

    a. Physical discomfort from being handcuffed;

    b. A loss of freedom due to the Defendants arresting him;

    c. A loss of enjoyment and quality of life due to the Defendants actions in restraining, arresting, and prosecuting him which caused physical and psychological injuries;

    d. A loss of employment/business opportunities due to the Defendants actions restraining, arresting, and prosecuting him;

    e. Loss of reputation from the Defendants actions restraining, arresting, and prosecuting;

    f. Litigation expenses for this civil matter including but not limited to filing fees, administrative fees, expert fees, court costs, civil counsel fees, and the like.

## COUNT 1 – MALICIOUS PROSECUTION

24. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

25. Plaintiff avers the Defendants initiated criminal proceedings in the underlying criminal case, against him via arrest, filing a criminal complaint, processing him, and consulting the District Attorney's Office about further charging him.

26. Plaintiff avers these Defendants lacked probable cause, as articulated in the United States Constitution's Fourth and Fourteenth Amendments, to stop, search, and detain Plaintiff when they first encountered him, and lacked probable cause to arrest him and because these Defendants arrested him, his resulting imprisonment was unjust, illegal, and was the direct and causal reason he was incarcerated.

27. Plaintiff's criminal charges initiated by the Defendants terminated in his favor, when the Municipal Court dismissed all charges.

28. Plaintiff avers the Defendants acted maliciously or for a purpose other than bringing him to justice, as Plaintiff was not committing a crime when he first encountered the Defendants but was legally walking through an area in the City of Philadelphia.

29. Plaintiff avers because of this criminal proceeding, he suffered a significant deprivation of liberty and freedom spending as he was held in pre-trial incarceration.

30. Further, Plaintiff avers Defendants obscured the District Attorney's Office from making an independent judgment about the merits of prosecution as these Defendants failed to provide materially honest evidence and statements regarding Plaintiff, the evidence observed, and recovered.

31. Plaintiff avers but for the Defendant filing a criminal complaint based on fabricated/non-existent/mistaken evidence he would never have had a criminal case initiated against him.

32. The Defendant directly, foreseeably, legally, and proximately caused Plaintiff to have suffered unjust, unwarranted, and unlawful incarceration, prosecution, and/or will continue to suffer the following damages: Physical injuries including pain and suffering, Public shame and embarrassment, Loss of enjoyment of life, Loss of enjoyment of freedom, and Past and future pain and suffering, extreme inconvenience, and emotional distress.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and

exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## COUNT 2 – FALSE ARREST/FALSE IMPRISONMENT

33. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

34. Plaintiff avers he was searched and seized within the meanings of the Federal Constitution's Fourth and Fourteenth Amendments, by the Defendants, in relation to a police narcotics investigation.

35. Plaintiff avers his initial detention and arrest was illegal as it was not based on probable cause.

36. Plaintiff further avers his continued detention, after his arrest and the forwarding of criminal charges constituted a false imprisonment, directly linked to his arrest, for which no probable cause existed.

37. Plaintiff avers his seizure and resultant arrest by Defendants was illegal and improper because the Defendants knowingly lacked a reasonable suspicion, and/or probable cause to believe he was committing a criminal offense, as Plaintiff was not observed accepting currency, exchanging objects with any person, nor was any alleged conversations overheard, and none of the suspected narcotics for sale, nor the pre-recorded buy money was found on, near, or in any area which Plaintiff exercised control or was seen physically adjacent to.

38. Plaintiff avers the police lacked probable cause to arrest him and he was falsely imprisoned pursuant to this arrest pursuant to the 4th and 14th Amendments of the United States Constitution.

39. Plaintiff avers but for the Defendant's actions he otherwise would not have been subjected to a search, seizure, arrest, and prosecution.

40. The Defendant directly, foreseeably, legally, and proximately caused Plaintiff to have suffered unjust, unwarranted, and unlawful incarceration, prosecution, and/or will continue to suffer the following damages: Physical Injuries including pain and suffering, Public shame and embarrassment, Past and

future costs for medical treatment and care, Loss of enjoyment of life, Loss of enjoyment of freedom, and Past and future pain and suffering, inconvenience, and emotional distress.

**WHEREFORE**, Plaintiff demands judgment against Defendant, in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## COUNT 3 – FAILURE TO INTERVENE

41. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

42. Within the meanings of the Federal Constitution's Fourth, Eighth, and Fourteenth Amendments, a police officer has a duty to protect citizens from police assaulting, battering, or improperly touching, a person when this action is committed by fellow officers in their presence.

43. Defendants knew Plaintiffs arrest was without probable cause and violated Plaintiff's rights when they failed to stop the other officers from restraining, seizing, and searching, the Plaintiff, knowing his observations and communications lacked probable cause to commence an arrest, and Defendants had a reasonable opportunity to intervene and prevent Plaintiff's arrest, and failed to intervene.

**WHEREFORE**, Plaintiff demands exemplary and punitive damages plus attorneys' fees and costs in an amount in excess of One-Hundred and Fifty-Thousand Dollars ($150,000) against all Defendants.

## COUNT 4 – MONELL CLAIMS

44. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

45. Plaintiff avers the City of Philadelphia, and its policy-maker, the Chief of Police/Police Commissioner were on notice regarding Defendant Schweizer's conduct in narcotic sales investigations in addition to his racially offensive views and conduct, and his unprofessional conduct when dealing with persons involved with police investigations.

46. The first incident involved Corey Porter and happened in 1999. In this situation Officer Schweizer knowingly created a false police report and seized a citizen's firearm and the accompanying license while working with Jeffrey Cujdik. Officer Schweizer was suspended for purposefully creating a false report about witnessing an individual, Corey Porter, sell narcotics when he never did. Officer Schweizer fabricated seeing a drug transaction as a pretext to harass and search Mr. Porter, who was a Black American.

47. The Defense also intends to introduce a second incident in 2008 in which Officer Schweizer was suspended for 20 days and demoted from the Narcotics Strike Force to patrol duties in the 24th District for having two racially offensive stickers ("Blue by Day, White by Night" and "White Power") in his police issued locker.

48. Further, Officer Schweizer was disciplined by the Internal Affairs/Department and/or Police Board of Inquiry for being verbally abusive and acting unprofessional towards a subject involved in a police investigation at a period between 1999.

49. The Philadelphia Police Department was aware on August 24, 2009, Defendants Schweizer and Pross were accused by a minority criminal suspect of using excessive force and stealing money/property.

50. Defendant City of Philadelphia was aware as of November 2016, Aurea Martinez accused Scott Schweizer of pushing her in the chest, grabbing the keys out of her hand and along with another law enforcement agent (Erik Pross) searched her vehicle without a warrant and/or probable cause.

51. Defendant City of Philadlephia was also aware as of November 2016, three individuals Kevin Jones, Aurea Martinez, and Ruth Martinez watched Defendant Schweizer and along with another law enforcement agent (Erik Pross) punch, kick, and hit a handcuffed person who was not resisting.

52. Defendant City of Philadelphia has failed to adequately train, supervise and adopt needed policies regarding its instrumentality the Philadelphia Police Department and these individual officers, particularly, Defendant Schweizer.

53. Defendant City of Philadelphia was deliberately indifferent to the fact that a violation of a person's Federal Fourth and Fourteenth Amendment rights to be free from unreasonable searches, seizures, and detentions, arrests, and prosecutions, is a highly predictable consequence of the inadequate training, supervision, and failure to adopt a needed policy to monitor officers who repeatedly violated departmental and constitutional rules.

54. Plaintiff avers Defendant City of Philadelphia violated his rights when they failed to train its municipal officer, Scott Schweizer, on handling investigations involving minority suspects, supervise and monitor this officer handling of investigations involving minority suspects, and failing to adopt policies to ensure minority suspects are treated similarly to non-minorities, especially regarding observing minority persons allegedly making hand-to-hand transactions in areas termed high crime, in addition to stops and frisks.

55. Plaintiff avers Defendant City of Philadelphia, and its policymakers were aware of similar unlawful conduct by Defendant Schweizer in the past particularly the improper stopping, detaining, and arresting of minority suspects, and open racial animus towards minorities, in particular, by Defendant Schweizer, and with this knowledge failed to take precautions against future violations, and that this failure, at least in part, directly and proximately led to the Plaintiffs' injuries.

56. Plaintiff avers had Defendant City of Philadelphia properly supervised, trained, and monitored its police officers, including Defendant Schweizer, Plaintiff, who was seized, detained, and physically injured based on walking outside on a public street, would not have been arrested, detained, and prosecuted, as the Defendants would have adopted standards and policies and protocols to ensure minorities in any area, especially those deemed high crime, were stopped, searched, and seized, based on perceived hand motions or to generally suppress crime.

57. Plaintiff avers had Defendant City of Philadelphia, trained, and supervised/monitored Defendants Schweizer, in the proper manner, he would not have been subjected to this disparate treatment for not doing any actions arising to a reasonable suspicion or probable cause he was committing a crime.

58. Plaintiff avers, Defendant City of Philadelphia, knew by failing to equip Defendant Schweizer with body cameras, and to monitor these feeds and provide training and instruction based on their conduct, it was highly likely constitutional violations would occur and was deliberately indifferent to this outcome.

59. Plaintiff avers Defendant City of Philadelphia and its policy makers, both inside and outside the police department, including the person(s) who approve charges before being forwarded to the District Attorney's Office knew of Defendants previous violations of suspects' rights and in this matter of Plaintiffs' constitutional rights and agreed with Defendants Schweizer's decision to engage in this Constitutional rights violation.

60. Plaintiff avers it is also the custom of Defendant City of Philadelphia to disproportionately stop, detain, frisk, seize, arrest, and prosecute minority suspects, despite police knowing these persons were extremely unlikely to have participated or otherwise associated with any suspected criminal activity, based upon hand motions without seeing any actual objects, when these motions occur in predominately minority neighborhoods deemed "high crime" by police.

61. Plaintiff avers this conduct is the norm and so well-settled and permanent as virtually to constitute law, in these neighborhoods in Philadelphia, especially the location where Plaintiff was arrested.

62. Plaintiff further avers Defendant City of Philadelphia's training program was inadequate to train its employees to carry out their duties and Defendant City of Philadelphia failed adequately to supervise its employees, in particular Defendant Schweizer, Defendant City of Philadelphia, failure to adequately train and adequately supervise amounted to deliberate indifference to the fact that inaction would obviously result in the violation of citizen's rights to be free from unreasonable searches, seizures, detentions, physical injuries, and arrests, and, Defendant City of Philadelphia failure to adequately train

and adequately supervise proximately caused the violation of Plaintiffs' rights to be free from unreasonable searches, seizures, detentions, and arrests.

63. Plaintiff avers Defendant City of Philadelphia knew employees, in particular Defendant Schweizer, would confront this particular situation, where police were conducting narcotics investigations in areas deemed high crime, observing minority persons and suspects, and which involved a matter employees, especially Defendant Schweizer, had a history of mishandling, and the wrong choice by an employee, in that situation will frequently cause a significant deprivation of the right to be free from unreasonable searches, seizures, arrests, physical injuries, and detentions.

**WHEREFORE**, Plaintiffs demand exemplary and punitive damages plus attorneys' fees and costs in an amount in excess of One-Hundred and Fifty-Thousand Dollars ($150,000) against Defendant City of Philadelphia.

## PUNITIVE DAMAGES REQUEST

64. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

65. Defendants actions in depriving Plaintiff of his rights, freedoms, privileges, and liberties is so outrageous as to shock the conscience of reasonable persons and shows reckless indifference for the Plaintiffs' rights, especially when there was no reasonable suspicion or probable cause to believe he was committing a criminal act by charging his phone and waiting in the hallway of a public building.

**WHEREFORE**, Plaintiff demands exemplary and punitive damages plus attorneys' fees and costs in an amount in excess of One-Hundred and Fifty-Thousand Dollars ($150,000) against the Defendant officially, personally, professionally, individually, jointly, and severally.

## JURY DEMAND

66. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

67. Plaintiffs demand a jury to determine the extent of damages and provide a full and fair determination pursuant to the United States Constitutional Amendments V, VI, and XIV.

          Respectfully Submitted,

          _____
          /S/ David Wesley Cornish, Esquire
          David Wesley Cornish, Esquire
          Bar ID #: 310865
          230 South Broad Street, 17th Floor
          Philadelphia, PA 19102
          Phone: 212-444-2039
          **ATTORNEY FOR PLAINTIFF FOUNTAIN**
          *DATE*: October 7, 2020

**IN THE UNITED STATES EASTERN DICTRICT COURT**
**FOR THE DISTRICT OF PENNSYLVANIA**

| Edward Fountain, | : | United States District Court |
| Plaintiff, | : | Eastern District of Pennsylvania |
| vs. | : | |
| | : | |
| Scott Schweizer, City of Philadelphia, | : | Civil Division – Civil Rights |
| John/Jane Doe Police Officers 1-15, | : | Case No.: _____ |
| | Defendants. | : |

## VERIFICATION

The facts set forth in the foregoing are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties both in Pennsylvania and Federal Court for perjury and unsworn falsification to authorities and/or the tribunal.

Respectfully Submitted,

_/S/ David Wesley Cornish, Esquire_
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF FOUNTAIN**
*DATE*: October 7, 2020

I, ___Edward Foontain___, subject to the penalties of unsworn falsifications and perjury, state I, answered the foregoing, to the best of my knowledge, information, and belief, they are accurate, true and complete. I, verify and make this representation pursuant to the penalties for unsworn falsifications and perjury the foregoing.

*Edward Fountain*
Signature

*Edward Fountain*
Printed Name

10/7/20
Date: