IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD FOUNTAIN,<br>　　　　　　Plaintiff,<br>　　v.<br>SCOTT SCHWEIZER, et al.,<br>　　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | United States District Court<br>Eastern District of Pennsylvania<br><br>Civil Division<br>2:20-cv-4960 |

### STIPULATION AND AGREEMENT OF CONFIDENTIALITY

D. Wesley Cornish, Esquire, counsel for Plaintiff in the above-captioned matter, and Jenna Jankowski, Esquire, counsel for all Defendants, including Scott Schweizer ("Schweizer"), hereby agree and stipulate to the following terms:

WHEREAS, THIS MATTER being brought before the Court under the agreement and consent of counsel for a Confidentiality Order regarding the production of certain materials, as defined in herein, during the course of pretrial proceedings in the above-captioned matter;

WHEREAS, Plaintiff seeks the production of certain documents pertaining to the Individual Defendant in this matter, including personnel files, officer histories, disciplinary records, and internal affairs investigations which contain sensitive, personal and/or private information;

WHEREAS, counsel for Plaintiff and Defendant do not necessarily agree on the discoverability or admissibility of certain requested materials, but have agreed to enter into this stipulation and agreement to facilitate the production of the requested documents while avoiding delay and unnecessary motion practice.

**WHEREFORE,** for good cause having been shown,

**IT IS HEREBY ORDERED THAT:**

1. PURPOSE: The purpose of this Stipulation and Agreement of Confidentiality is to assure the free flow of information between counsel and the Parties during discovery to ascertain facts

while avoiding delay and unnecessary motion practice.

2. CONFIDENTIAL INFORMATION: "Confidential Information," as used herein, means information exchanged between the parties from:

   a. Personnel files of the Individual Defendant in this matter;

   b. Internal Affairs and Police Board of Inquiry files pertaining to the Individual Defendant, including but not limited to investigations, disciplinary files, disciplinary histories, and findings for or against the Individual Defendant by the Philadelphia Internal Affairs Bureau and/or Police Board of Inquiry; and

   c. The personal financial and/or medical records of Individual Defendant or his immediate family members.

3. QUALIFIED PERSONS: "Qualified Persons," as used herein, means:

   a. Attorneys actively involved in the preparation for trial, trial, or settlement of this lawsuit, including members of such attorneys' staff; and

   b. Any independent or in-house expert who is assisting attorneys in connection with this action.

4. DESIGNATION OF MATERIALS CONTAINING CONFIDENTIAL INFORMATION: All documents and materials that contain Confidential Information shall be stamped or marked with a watermark which states "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5. AVAILABILITY OF CONFIDENTIAL INFORMATION TO QUALIFIED PERSONS: Any information designated "Confidential Information" shall be made available only to Qualified Persons. Except as otherwise permitted by the terms of this Stipulation, or by further order of this Court, Qualified Persons shall maintain Confidential Information in confidence, shall not reveal Confidential Information to anyone other than Qualified Persons, and shall not use Confidential Information, except in connection with the trial or preparation for the trial of this action.

6. USE OF CONFIDENTIAL INFORMATION AT DEPOSITIONS, OR IN PLEADINGS AND MOTIONS: Nothing contained herein shall preclude any party to this action from utilizing Confidential Information in examining deponents called in this case or in motions,

whether dispositive or not. If a question at a deposition calls for an answer containing Confidential Information, counsel for the party asserting confidentiality must on the record designate the information as either "CONFIDENTIAL" OR "CONFIDENTIAL – ATTORNEYS ONLY." Counsel must also direct the court reporter to mark the specific portions of the deposition transcript so designated as "CONFIDENTIAL" OR "CONFIDENTIAL – ATTORNEYS ONLY." The court reporter in preparing the deposition transcript shall bind separately the confidential and non-confidential testimony.

7. FILINGS WITH THE COURT: Any party filing with this Court a document either attaching or reciting CONFIDENTIAL INFORMATION produced during discovery shall file two (2) copies: one redacting any CONFIDENTIAL INFORMATION and one unredacted version filed under seal.

8. EXCEPTIONS: Materials defined herein as "Confidential Information" shall no longer be considered as such:

    a. To the extent that said information is already available by law or executive order;

    b. To the extent that it is subsequently determined that said information is available under a freedom of information Law.

9. DISPOSITION OF CONFIDENTIAL INFORMATION AT CONCLUSION OF TRIAL: Within sixty (60) days after a Party's case is terminated (including all appeals), such Party shall return to the designating Party or shall destroy, at the option of counsel in possession of such copies, all documents, objects, and other materials produced as or designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, including extracts or summaries thereof, and all reproductions thereof, including but not limited to those given to experts and inside counsel. If the materials are destroyed, counsel responsible for the destruction shall within ten (10) calendar days of such destruction certify to counsel for the designating Party that destruction has taken place. Counsel for receiving Party need not return and/or destroy the following:

   a. One (1) copy or sample of all material designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY for reference in the event of disputes over the use or disclosure of such material;

   b. Documents, things, copies, and samples to the extent they include or reflect receiving attorney's work product; and

   c. Pleadings or other papers filed with the Court or served in the course of the litigation, the depositions, the deposition exhibits, and the trial record, so long as such pleadings or papers are not designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY.

10. INADVERTENT DISCLOSURE OF CONFIDENTIAL INFORMATION: Should any QUALIFIED PERSON or Party inadvertently disclose any CONFIDENTIAL INFORMATION, such disclosure shall not be considered a waiver of the protections contained in this Stipulation and Agreement of Confidentiality so long as the QUALIFIED PERSON making the disclosure complies with F.R.E. 502(b).

11. This Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

Respectfully Submitted,

_[signature]_
D. Wesley Cornish, Esquire
Supreme Court # 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
Fax: 212-535-7365
cornerstonelegalgroup@gmail.com
**Attorney for Plaintiff**
**Date:**

_[signature]_
Jenna Jankowski, Esquire
Supreme Court # 326752
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
Phone: 215-683-5443
Fax: 215-683-5397
Jenna.Jankowski@phila.gov
**Attorney for Defendants**
**Date:**

**APPROVED AND ORDERED BY THE COURT:**

Date: 12/10/20

_/s/ Gerald Austin McHugh_
**GERALD A. MCHUGH, J.**